**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: September 30 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Adv. Pro. No. 03-3370 |
| | ) | SIPA Liquidation |
| Continental Capital Investment Services, Inc. | ) | |
| and Continental Capital Securities, Inc., | ) | |
| | ) | Adv. Pro. No. 09-3322 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Thomas S. Zaremba, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Insurance Company, | ) | |
| | ) | |
| Defendant. | | |

### MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO COMPEL

This adversary proceeding came before the court for hearing on Plaintiff's Motion to Compel Defendant to Withdraw All Objections or to Overrule All Objections in its Discovery Responses and to Compel Production of Documents and Electronically Stored Information ("Motion to Compel") [Doc. # 58], Defendant's opposition [Doc. # 59], and Plaintiff's reply [Doc. # 65]. Also before the court is Plaintiff's supplemental memorandum in support of the Motion to Compel [Doc. # 119] filed with leave of court after

the hearing and Defendant's supplemental response [Doc. # 111]. For the reasons that follow, the court will grant the Motion to Compel.

## BACKGROUND

On June 11, 2010, Plaintiff served on Defendant his First Set of Interrogatories ("Interrogatories") and First Requests for Production of Documents and Electronically Stored Information ("Production Requests"). Under the rules, responses were due on July 12, 2010. *See* Fed. R. Bankr. P. 7033 and 7034; Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). On July 26, 2010, Plaintiff sent Defendant an email regarding Defendant's failure to respond and asking when a response could be expected. Defendant informed Plaintiff that discovery responses "are in the works" but would not be completed until "sometime after August 9" and stated that "[i]f this present[s] a problem, please advise immediately." [Pl. Ex. B, p. 1]. On August 27, 2010, Plaintiff sent Defendant another email asking to schedule a meeting to discuss when Defendant would provide responses to the discovery requests. Defendant sent an email response on September 1, 2010, with dates to discuss the issues but did not indicate when a response would be forthcoming. [*Id.*]. On September 24, Plaintiff again asked to schedule a telephone conference with Defendant to identify a firm date it could expect to receive its discovery answers and documents. [*Id.* at 3]. Receiving no response, Plaintiff sent yet another email on September 30, 2010, informing Defendant that he would be filing a motion to compel discovery unless he received all responses by the following day and stating that Defendant had long since waived any objections to the discovery requests. [*Id.*]. Defendant responded that counsel "was working on the responses" but that they would not be sent by the next day. [*Id.*]. Although Defendant never filed a motion seeking an extension of time or a protective order, its responses were not served on Plaintiff until October 20, 2010. [*See* Doc. # 54].

Defendant's responses include numerous "General Objections," many of which Defendant's counsel admits have no relevance to any particular interrogatory or production request, as well as specific objections to each and every discovery request. As to each request for production of documents and electronically stored information, Defendant posed the same objections, which included objections based on the attorney-client privilege and work product doctrine. However, a privilege log was not provided.

On October 22, 2010, Plaintiff sent Defendant a letter asking it to voluntarily withdraw all of its objections due to its failure to timely respond to Plaintiff's discovery requests and to provide the date certain on which it could expect to receive the documents to be produced. [Pl. Ex. D]. On November 1, 2010, Defendant responded by email stating that it was preparing a privilege log and that the documents and

electronically stored information would be provided in hard copy on or before November 8, 2010. [Pl. Ex. E]. The email further stated that counsel was "currently evaluating" the request to withdraw objections and would be in contact to discuss the matter. [*Id.*]. Plaintiff responded on November 1 with dates that week that counsel was available to discuss the waiver of objections. Receiving no response, Plaintiff sent another email on November 4, 2010, again seeking a time to discuss Defendant's waiver of objections.

On November 10, 2010, Plaintiff filed his Motion to Compel, having received no response to his attempt to discuss a voluntary waiver of objections and Defendant, at that time, having produced no documents or privilege log. Plaintiff did not receive the documents ultimately produced by Defendant and Defendant's privilege log until after his motion was filed. The privilege log that was produced lists 54 documents and includes only the conclusory claim of "Attorney-client privilege; attorney work product" as to 35 documents, and states only "Reserve information" as to 10 documents. [Doc. # 59, and attachment thereto].

## LAW AND ANALYSIS

Plaintiff argues that Defendant waived all objections to the Interrogatories and Production Requests due to its failure to timely respond to the requested discovery and the insufficiency of the privilege log. In his supplemental memorandum, Plaintiff asserts as an additional basis for granting the Motion to Compel that Defendant waived its attorney-client privilege by voluntarily disclosing otherwise privileged documents to a third party. Because the court will grant the Motion to Compel based upon the grounds originally asserted by Plaintiff, it does not address arguments raised in the parties' supplemental memoranda.

Under Rules 33 and 34 of the Federal Rules of Civil Procedure, made applicable in this case by Federal Rules of Bankruptcy Procedure 7033 and 7034, a party has thirty days in which to serve its written responses, including objections, to a request for interrogatories or production of documents. Fed. R. Civ. P. 33 (b)(2) and 34(b)(2)(A). Courts in the Sixth Circuit have recognized the general rule that, in the absence of an agreement between the parties or a motion for an extension of time or protective order, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection. *See Drutis v. Rand McNally & Co.,* 236 F.R.D. 325, 337 (E.D. Ky. 2006); *United States v. Elsass*, No. 2:10-CV-336, 2011 WL 335957, *3, 2011 U.S. Dist. LEXIS 9005, *8 (S.D. Ohio Jan. 31, 2011); *Whitney v. City of Milan*, No. 09-1127, 2010 WL 2011663, *3, 2010 U.S. Dist. LEXIS 54393, *8-9 (W.D. Tenn. May 20, 2010); *Horacek v. Wilson,* 2008 WL 2397638, *2, 2008 U.S. Dist. LEXIS 45469, *6 (E.D. Mich. June 11, 2008); *Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, *1,

3

2001 U.S. Dist. LEXIS 1768, *3 (W.D. Mich. Feb. 13, 2001); *Cleveland Indians Baseball Co. v. United States*, No. 96-CV-2240, 1998 WL 180623, *4, 1998 U.S. Dist. LEXIS 1459,*13 (N.D. Ohio Jan. 28, 1998); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection"); *In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989) ( "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived"); *Caudle v. District of Columbia*, 263 F.R.D. 29, 32 (D.D.C. 2009). "'Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.'" *Cleveland Indians Baseball Co.*, 1998 WL 180623 at *4 (quoting *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988)). Notwithstanding the general rule, a party's waiver of objections to discovery requests may be excused upon a showing of good cause. *Caudle*, 263 F.R.D. at 33; *North Am. Rescue Products, Inc. v. Bound Tree Medical, LLC*, No. 2:08-cv-101, 2009 WL 4110889, *7, 2009 U.S. Dist. LEXIS 118316, *20 (S.D. Ohio Nov. 19, 2009); Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *see* Fed. R. Bankr. P. 9006(b) (providing that the court "for cause shown" may extend time or "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect")

      Defendant does not dispute that it did not respond until approximately 100 days after service of the discovery requests. And it is clear that Defendant did not file a motion to extend time or a motion for protective order. It cites, however, an email sent to Plaintiff's counsel on July 27, 2010, stating that its discovery responses would not be completed until "sometime after August 9" and that "[i]f this present[s] a problem, please advise immediately." Defendant characterizes this email as "essentially . . . a request for an extension of the discovery deadline." [Doc. # 59]. The court disagrees. Time to respond under Rules 33 and 34 had already expired. And subsequent emails from Plaintiff's counsel show only that Plaintiff was attempting to get the discovery responses that were required. They do not indicate agreement to accept Defendant's already untimely responses at some unspecified time in the future.

      Defendant has not shown cause for its failure to timely respond to Plaintiff's discovery requests and has not even tried to explain the circumstances resulting in its tardiness. Instead, Defendant cites case law holding that the court may reject a waiver of privilege for late discovery responses where the opposing party will not suffer prejudice and the delinquent party has not demonstrated a pattern of misconduct. *See Caudle*,

4

263 F.R.D. at 33; *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 91 (D.D.C. 2005). In addition, it argues that, notwithstanding its objections, it has produced all documents except those set forth in its privilege log. Citing *E.E.O.C. v. Safeway Store, Inc.*, No. C-00-3155, 2002 WL 31947153, *2, 2002 U.S. Dist. LEXIS 25200, *6 (N.D. Cal. Sept. 16, 2002), Defendant argues that waiver of privilege is a harsh sanction that should not be imposed. The court is not so persuaded and finds the cases cited by Defendant distinguishable.

First, the court finds that where a party has failed to show good cause for its untimely objections to discovery, it cannot rely on a lack of prejudice to the opposing party to excuse waiver of the objections. *North American Rescue Products, Inc.*, 2009 WL 4110889 at *7 (finding that a party's failure to show good cause is alone enough to prevent it from relying on the objection); *Carfagno*, 2001 WL 34059032 at *2 (finding insufficient an assertion that plaintiff was not prejudiced where defendant did not attempt to show good cause); *cf. Gavenda v. Orleans County*, No. 95-CV-025IE, 1996 WL 377091, *2, 1996 U.S. Dist. LEXIS 9469, *7 (W.D.N.Y. June 19, 1996) (in the context of a motion to modify a scheduling order, stating that "[o]nly if good cause were shown would the inquiry shift to determine (and balance) any prejudicial effect on the opposing party").

The court also finds that Defendant's conduct in this case does not satisfy the standards for excusing waiver that are set forth in the cases relied upon by Defendant. In *Safeway Store, Inc.*, the court stated that "Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver. In contrast, evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver." *Safeway Store, Inc.*, 2002 WL 31947153 at *2. And to satisfy the standard set forth in *Caudle* and *Burlington Ins. Co.*, Defendant must show not only that Plaintiff will suffer no prejudice but that it has not demonstrated a pattern of misconduct.

Defendant, however, has engaged in a pattern of conduct in this case that shows repeated disregard for both the spirit and the requirements of the federal rules governing discovery practice. In addition to the unjustifiable and lengthy delay in responding to Plaintiff's discovery requests, it raised a multitude of "General Objections" that admittedly have no relevance to any particular interrogatory or production request. Also, Defendant withheld documents claiming that they are privileged without providing any information to enable Plaintiff to assess the claim. Under Rule 26(b)(5) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026, in addition to claiming privilege, a party must "describe the nature of the documents, communications, or tangible

5

things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Defendant did not provide a privilege log until after Plaintiff filed his Motion to Compel, and the privilege log provided was totally insufficient as it provided no information required under Rule 26(b)(5). Although Defendant filed a privilege log with more detailed information after the hearing on the Motion to Compel, that filing does not excuse its failure to do so in a timely manner. *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (finding that a party's failure to make the required showing that privilege applies "is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made").

Plaintiff having demonstrated that he made good faith attempts to obtain the discovery responses sought, *see* Fed. R. Civ. P. 7037; Fed. R. Civ. P. 37(d)(1)(b), for the foregoing reasons, the court finds that Defendant has waived its objections to the Interrogatories and Production Requests, including objections based on attorney-client privilege and attorney work product. *Cleveland Indians Baseball Co.*, 1998 WL 180623 at *4 (waiver of untimely objections "applies with equal force to all objections, including those based on attorney-client privilege or attorney work product"); *Carfagno*, 2001 WL 34059032 at *2 (same). The court will, therefore, grant Plaintiff's Motion to Compel production of all documents and electronically stored information responsive to Plaintiff's Production Requests.

**THEREFORE,** based on the foregoing reasons and authorities, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion to Compel [Doc. # 58] be, and hereby is, **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant shall produce all documents and electronically stored information responsive to Plaintiff's Production Requests on or before **October 25, 2011.**